## UNITED STATES *v.* MORRISON.

1. A quartermaster of a regiment of cavalry, who also serves as acting assistant-commissary, is entitled to the additional compensation of $100 per annum provided for by sect. 1261 of the Revised Statutes.
2. As such quartermaster receives no compensation for staff service separate from that of rank, he does not, within the meaning of the army regulations, receive pay for his staff appointment.

APPEAL from the Court of Claims.

Morrison, the appellee, a lieutenant in the tenth regiment of cavalry, was appointed regimental quartermaster, and his appointment approved June 30, 1875. On the same day, Hunt, a second lieutenant in the regiment, was promoted to be first lieutenant in the place of Morrison, "appointed regimental quartermaster." On the 22d October, 1875, Morrison, "in addition to his other duties," was "assigned to duty as assistant-commissary of post;" and, by virtue of that appointment, served as acting assistant-commissary from Nov. 1, 1875, to and including, Feb. 28, 1877. He has been paid in full as quartermaster, but nothing in addition as acting assistant-commissary. This action is brought to recover at the rate of $100 a year for the extra service. The court below gave judgment in his favor for $133.33, whereupon the United States appealed here.

*Mr. Assistant-Attorney-General Smith* for the appellant.

*Mr. Halbert E. Paine* and *Mr. Benjamin F. Grafton, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The single question presented in this case is, whether, since the Revised Statutes, a regimental quartermaster, serving also as acting assistant-commissary, is entitled to additional pay on that account.

By sect. 1102, Rev. Stat., each regiment of cavalry is to have among its officers one quartermaster, who is to be an "extra lieutenant, selected from the first and second lieutenants of the regiment." Such has been the law since 1866. 12 Stat. 599, sect. 11; 14 id. 332, sect. 3. The selection is made by the

colonel or permanent commanding officer of the regiment, subject to the approval of the Secretary of War.

Until 1870, the pay of regimental quartermasters was "ten dollars per month in addition to their pay in the line," and forage (2 Stat. 482, sect. 24); but the act of July 15, 1870 (16 id. 320, sect. 24), provided that the "pay of regimental quartermaster shall be $1,800 [a year]; the pay of first lieutenant, mounted, shall be $1,600; the pay of first lieutenant, not mounted, shall be $1,500; the pay of second lieutenant, mounted, shall be $1,500; the pay of second lieutenant, not mounted, shall be $1,400; . . . the pay of acting assistant-commissary shall be $100 in addition to pay of his rank." This provision has been reproduced in the Revised Statutes, sect. 1261.

A regimental quartermaster is, therefore, either a first or second lieutenant in rank, and his pay $1,800. There is no provision for the pay of the rank of lieutenant disconnected from the service to be performed, but the pay of the rank is graduated by the service. The compensation is not for rank and service, but for rank according to service. Thus, a lieutenant in cavalry service is paid more than in infantry, and in regimental service more than in cavalry. Whether in one service or another, his rank is that of lieutenant, and consequently his pay is that of his rank. Under the law as it was before 1870, he was paid for his service upon the staff in addition to that for his rank, but now the pay of his rank includes all. Being an extra lieutenant in the regiment assigned to duty as quartermaster, and consequently performing regimental service, his pay as lieutenant is $1,800. When, therefore, the additional duty of acting assistant-commissary is put upon him, it would seem to be clear that, looking at the statute alone, he is entitled to the additional pay allowed for that service.

It is contended, however, that he is not, because, by the army regulations, "no officer shall receive pay for two staff appointments at the same time." Army Reg. 1863, par. 1345. If it be conceded that both the quartermaster and acting assistant-commissary are now staff appointments, the result claimed does not necessarily follow. When these regulations were adopted, the compensation of a quartermaster for his staff ser-

vice was by a specific addition to his pay in the line. At that time, therefore, it might well be said that the addition was pay for the staff appointment. But now there is no compensation for staff service separate from that of rank; and, in our opinion, it cannot be said that, within the meaning of the regulation, a quartermaster receives pay for his staff appointment. He gets more pay as lieutenant by reason of his transfer to a new service, but nothing separate for his appointment. This being the case, the additional compensation which the law gives an acting assistant-commissary is not, in the case of a quartermaster performing that service, pay for a second staff appointment.

·*Judgment affirmed.*