Weldon, J.,
delivered the opinion of the court:
The facts, as shown by the record, are briefly as follows: -
On the 20th of November, 1879, the claimant, being at the time a lieutenant in the First Regiment of Cavalry of the United States Army, was on duty in one of the Territories, as acting commissary of subsistence, having in his possession funds belonging to the Subsistence Department; at said time his safe, containing Government funds to the amount of $75.92, was destroyed by fire; said funds were destroyed in the loss of the safe, and the claimant was without fault or negligence on his part.
This proceeding is based on the third paragraph of section 1059 and section 1062 of the Revised Statutes, page 196. Section 1059 gives this court jurisdiction of the subject-matter of the petition, and section 1062 provides:
“Whenever the Court of Claims ascertains the facts of any loss by any paymaster, quartermaster, commissary of subsistence, or any other disbursing officer, in the cases hereinbefore provided, to have been without fault or negligence on the part of such officer, it shall make a decree setting forth the amount thereof, and upon such decree the proper accounting officer of the Treasury shall allow to such officer the amount so decreed as a credit in the settlement of his account.”
, On the facts found by the court no disputed question of law can arise; every requirement of the statute is found in favor of the claimant, aud the only question made, by the counsel for the Government is upon the admissibility of the petitioner as a witness to establish the amount of money destroyed by the fire. It is insisted by him that the recent case of McClure v. The United States (116 U. S. R., 150) recognizes a different rule of evidence from that of the common law, which permits a *302 party m interest to testify as to the contents of a box, trunk, or package lost or destroyed under circumstances making some one liable in a court of justice. (1 G-reenl. on Ev.) • This is an exception to'the general rule of the common law, disqualifying every person as a witness who is interested in the result of the case. It is an exception founded upon the necessity of the case, and has been recognized by the highest courts of the country.
In the case of Clark v. The United States (96 U. S. R., 35) it is said:
“We are of the opinion that by the rules of evidence derived from the common law, as it is understood in the United States, whenever it becomes important to ascertain the contents of a .box, trunk, or package which has been lost or destroyed under circumstances that make some one liable in a court of justice for the loss, and the loss and the liability are established by other testimony, the owner or party interested in the loss, though he may be a party to the suit, is .a competent witness to ¡trove the contents so lost or destroyed. (1 Greenl. on Ev., 348, 350, and notes.) This is one of those exceptions to the rigorous rule of the common law excluding parties and persons having an interest in the result of the suit from becoming witnesses in their own behalf, which has been engrafted upon that system. It is founded in the necessity of permitting the only party who knows the matter to be proved to testify, in order to prevent an absolute failure of justice, when his right to relief has been established by other evidence.’’
We have carefully examined the McClure Case, and are unable to find that the common law, or the decision in the Clark Case, has been affected by the decision in the former case.
The statute under which the petition is filed has been the subject of judicial construction in several cases in this and the Supreme Court. Following the line of decisions, the p¿titioner, upon the facts, is entitled to the benefit of the statute. (United States v. Clark, 96 U. S. R., 35; Hobbs v. United States, 17 C. Cls. R., 189; Scott v. United States, 18 id., 1; Brodhead v. United States, 19 id., 125.)
A decree will be entered directing the proper accounting officers of the Treasury to allow the claimant, as a credit in the settlement of his accounts for the Government funds lost by him in the fire on the 20th of November, 1879, the sum of $75.92, as alleged in his petition filed herein.